UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE THERESE PLATER,

        Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS, LLC,

        Defendant.
                               /

Case No. 2:17-cv-14191

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [10]**

Plaintiff Nicole Therese Plater filed her complaint on December 28, 2017, and alleged that Defendant National Credit Adjusters, LLC ("NCA") violated the Fair Debt Collection Practices Act ("FDCPA"), Telephone Consumer Protection Act ("TCPA"), and Michigan Occupational Code. Defendant failed to timely respond. Plaintiff requested and received an entry of default pursuant to Rule 55(a)(1); now before the Court is Plaintiff's motion for default judgment. ECF 10. For the reasons below, the Court will grant the motion.

The Civil Rules empower courts to enter judgment by default against a defendant who has not pleaded or otherwise defended against an action. Fed. R. Civ. P. 55(b). Obtaining a default is a prerequisite to default judgment. Fed. R. Civ. P. 55(a). Once default is entered, the defendants are treated as having admitted the well-pleaded allegations in the complaint. *McIntyre v. Ogemaw Cty. Bd. of Comm'rs*, No. 15-cv-12214, 2017 WL 1230477 (E.D. Mich. Apr. 4, 2017).

1

Although the complaint's well-pleaded factual allegations are taken as true, damages are not. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). The Court must determine the propriety and amount of the default judgment when the damages sought are not for a sum certain. Fed. R. Civ. P. 55(b).[1] Rule 55(b)(2) governs default judgments entered by courts. The Rule lacks a standard for its application; in this district, however, courts must exercise "sound judicial discretion." *See United States v. Herrington*, No. 15-11579, 2016 WL 4697890, at *2 (E.D. Mich. Sept. 8, 2016); *State Farm Bank, F.S.B. v. Sloan*, 11-cv-10385, 2011 WL 2144227, at *4 (E.D. Mich. May 31, 2011); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civ.* § 2685 (4th ed. 2017) (collecting cases). After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civ.* § 2688 (4th ed. 2017) (collecting cases). A court may exercise its discretion to decide whether to conduct evidentiary hearings or gather other evidence. *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009). In lieu of an evidentiary hearing, the Court may rely on detailed affidavits or documentary evidence to determine damages. *McIntyre*, 2017 WL 1230477, at *2 (citing *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008)).

Here, Plater is entitled to default judgment. In February 2018, the Clerk of Court entered default against NCA. ECF 8. As such, the Court proceeds as if Defendant admitted the well-pleaded allegations in the Complaint. The only remaining question is

---

[1] In the Eastern District of Michigan, a sum certain does not include attorney's fees.

the amount of Plaintiff's award. Given the nature of the case, the type of damages sought, and the amount of damages sought, the Court declines to hold an evidentiary hearing.

*Statutory Damages*

Plaintiff seeks statutory damages under the FDCPA and the TCPA. The FDCPA allows for a maximum statutory award of $1,000. 15 U.S.C. § 1692k(a)(2)(A). Plaintiff complains of six violations of the FDCPA and at least one allegation is well pleaded. The Court, therefore, will award Plaintiff a total of $1,000 in statutory damages for violations of the FDCPA.

The TCPA grants an individual $500 per violation for each violation of the TCPA. 47 U.S.C. § 227(b)(3)(B). Plaintiff's well-pleaded complaint contained an allegation that NCA used an automatic telephone dialing system to contact her on ten different occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii). The Court, therefore, will award Plaintiff statutory damages of $5,000 for violations of the TCPA.

*Attorney's Fees and Costs*

Plaintiff also seeks attorney's fees and costs. The FDCPA authorizes the award of attorney's fees. 15 U.S.C. § 1692k(a)(3). Plaintiff's counsel attached a description of fees and costs, ECF 10-2, and an affidavit in support of the motion, ECF 10-3. Plater seeks $2,819.25 in attorney's fees and $478.34 in costs. ECF 10-2, PgID 37. The Court will modify the amount requested for several of the attorney's fees' entries. First, Plaintiff seeks $156.25 for entering the motion for entry of default and mailing the motion to the parties and $562.50 for drafting the motion for default judgment. ECF 10-2, PgID 37. Both dates associated with those charges preceded the filing of the request for default from the Clerk of Court. *Id.* As such, they appear to be erroneous and will not be awarded.

Second, the attorney's fees and costs table includes an entry for "Final revisions of Complaint" for one half hour at a rate of $375. *Id.* at 36. That amount equals $187.50, not $81.75 as noted. Recognizing those errors, the Court, therefore, will award $2,206.25 in attorney's fees and $478.34 in costs.

The total damages award will be $8,684.59. Judgment will be entered separately.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for default judgment [10] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 19, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 19, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager

4